THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY

*v.*

THE OXFORD IRON COMPANY.

A mortgage was given on lands and also on the nail and other factories, *
* * machinery, * * * property and fixtures "thereon, or connected.
therewith or relating thereto."—*Held,* that nail machines, grindstones, a pair
of shears, scouring machines, nail bins and grip levers—all used in manu-
facturing nails in the factory on the premises, and some of them permanently
fastened to the building, and the rest adapted to the factory—are fixtures and
go to the purchaser under the foreclosure of the mortgage; and also a duplicate.
cylinder for a bluing machine and duplicate pulleys for the grindstones, kept.
on hand for emergencies, although they may never have been in actual use.

In insolvency. On petition of the receiver of the Oxford
Iron Company, for instructions in reference to certain property..
On petition and answers thereto.

*Mr. F. McGee,* for the receiver.

*Mr. W. H. Jessup,* of Pennsylvania, for the purchaser.

THE CHANCELLOR.

The Oxford Iron company, a corporation of this state, was
under the act concerning corporations, in 1878 adjudged by this.
court to be insolvent, and a receiver for its creditors and stock-
holders appointed. Before its insolvency, and in 1876, it gave
to the Farmers Loan and Trust Company a mortgage to secure
its bonds to the amount of $750,000. By that mortgage it
mortgaged certain land and premises therein described, situated
in Warren county in this state, together with all and singular
the nail and other factories, and all the rolling and other mills,.
foundries, furnaces, machine shops, buildings, machinery, rail-
roads, ores and other minerals, mines and mine openings, min-
eral and other rights, property and fixtures then upon, in and.

under, or in any way connected with or relating to, the lands and rights described in the mortgage, and all and singular the appurtenances and hereditaments thereto in any wise appertaining &c.   The mortgage has been foreclosed by suit (in the United States circuit court) and the mortgaged premises sold under execution issued on the decree.   A question has arisen between the receiver and the purchaser at that sale and his grantee, as to the character of certain fixtures in the nail factory on the premises; the latter insisting and the former denying that they are fixtures passing as and constituting part of the mortgaged premises.   The property in dispute is one hundred and three nail machines, a duplicate bluing cylinder, twenty-three grindstones, a pair of shears, two scouring machines, eighty-seven nail bins, certain duplicate pulleys for the grindstones, and certain grip levers.   The nail machines are situated on the first and second floors of the nail factory.   That building was erected expressly to accommodate them, and has never been used for any other purpose.   Sixty-three of them were put in when the building was erected, and the rest have been put in since, as they were required by the business, which was the manufacture of nails.   The blast-furnaces, rolling mills, and the other shops and factories on the mortgaged premises were all used in that business—to supply the nail factory with material—nail plates, for the manufacture of nails.   The nail machines are, as before stated, situated, part of them, on the first or ground floor of the factory, and the rest on the second floor.   Each machine on the upper floor is bolted to the building by four heavy bolts, which run through as many hollow columns, one at each of the four corners of the machine from the height of about two and a half or three feet above the floor, and pass downward through the floor, and are fastened by heavy nuts on the under side of the floor. The bolts pass through beams—stringers running the whole length of the building—directly under the machines, and purposely so adjusted as to accommodate them.   The stringers are heavy girders, and are supported by posts standing on the foundation of the building.   The power to drive these machines is communicated by a double line of shafting, placed under the

ceiling of the first floor, and connected by belts running upward through the floor to the machines on the upper floor, and downward to those on the lower. The belting on the second floor runs through holes cut in the floor close by each machine, expressly for the purpose, and passes around pulleys attached to the machines. The machines on the upper floor empty their product through chutes, passing through other holes in the floor, into bins placed in the room below for its reception. The machines on the lower floor are smaller, and are fastened to the floor, some with screws and some with spikes. They empty their product into movable basins set on the floor. The machines in the two stories of the building are connected together by the one line of shafting and the belting before mentioned. The grindstones are set in gangs, and weigh thirty-four thousand five hundred pounds. Nineteen of them are on the second floor. They are not bolted to the floor, but are fitted in frames built expressly for them. The frames sit on the timbers of the building, and the floor, which is of two-inch plank, is laid up to and around them, and spiked down. The stones are run by belting from the beforementioned shafting in the same manner as the nail machines, and the floor is cut to admit the passage and operation of the belting for those of them which are on the second floor. Each stone has a separate belt and pulley. They are used in connection with the nail machines for the purpose of sharpening the nail cutters. Some of them are turned with beads, which adapt them to that use and that use alone. The bluing machine is used to finish the nails. It is by itself in a separate room, built expressly for it, and is anchored to a foundation of stone built into the ground, by bolts running through anchor plates under the foundation. The shears are used for cutting the nail plates into the proper lengths for the different sizes of nails, and are built on foundations of stone laid in cement, and are anchored fast to the foundations by bolts running through anchor plates under the foundation. They are run by the same power as the nail machines. The scouring machines are used for the finishing of the nails. They are cast-iron cylinders set in cast-iron frames, and rest on the floor of the factory, and are run by the same

power as the nail machines. The nail bins are cast-iron boxes, cast for this mill. They rest on the floor on legs, and are fitted with grates, so constructed as to cleanse the products placed in them. All of the above-described articles together constitute the machinery and fixtures of the factory. The duplicates before mentioned are duplicate parts of the machinery, kept on hand as supplies in case of accident. Of these the duplicate bluing cylinder has been used, but the others have not, and are new.

The mortgage is not merely of the land, but also of the nail and other factories, * * * machinery, * * * property and fixtures, which at the time of making the mortgage were upon, in * * * or in any way connected with or relating to the lands and rights described in the mortgage, and all and singular the appurtenances * * * thereto in any wise appertaining &c. It was manifestly the intention of the mortgagor to mortgage the entire property, including the nail factory as such, for such are the terms of the instrument. A mortgage of a factory, *eo nomine* includes, *ex vi termini*, all the machinery and other articles essential to the factory. *Ewell on Fixt. 308; Teaff v. Hewitt, 1 Ohio St. 511; Potts v. N. J. Arms Co., 2 C. E. Gr. 395; Voorhis v. Freeman, 2 W. & S. 116; Pyle v. Pennock, Id. 390.* And though in this case some of the nail machines were put in after the mortgage was given, they were actually annexed to the building and were applicable, and were, in fact, applied to the use to which it was appropriated, and were evidently intended as permanent additions to the freehold. They, therefore, were subject to the lien of the mortgage. As to all the rest of the property—that which was on the premises. when the mortgage was given—it also was all of it essentially necessary to and part of the factory. The nail machines, the bluing machine, and the shears were all, in fact, actually annexed as permanent additions to the building for the purposes of the business for which it was designed, and to which it was appropriated. And so, too, as to the shafting and belting. The grindstones appear to be in the position in which they were placed originally, and where it is evident it was intended they should remain permanently. The floor is laid up to and spiked down around the frames

which support them. They are necessary adjuncts and incidents to the nail machines, and so are the scouring machines, the nail bins, and the grip levers. The duplicate bluing cylinder and the duplicate pulleys for the grindstones (duplicates to answer emergencies) are also to be regarded as fixtures essential to the factory. *Voorhis* v. *Freeman, 2 W. & S. 116.* All the articles in question passed to the purchaser under the marshal's sale of the mortgaged premises.